UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>2. JUAN JOSE GONZALEZ-MINYETTY, )<br>a/k/a Juan Jose Gonzalez, a/k/a "Sonny,")<br>Defendant. ) | Criminal No. 14-10175-IT |

**PRELIMINARY ORDER OF FORFEITURE**

TALWANI, D.J.

WHEREAS, on January 21, 2015, a federal grand jury sitting in the District of Massachusetts returned a three-count Superseding Indictment charging defendant Juan Jose Gonzalez-Minyetty (the "Defendant"), among others, with Conspiracy to Possess with Intent to Distribute, and to Distribute, Heroin, Cocaine, and Cocaine base, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States would seek (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. Such property specifically included, without limitation:

    (a)    $38,376 in United States currency, seized from Benjamin Torres on February 23, 2014;

    (b)    the real property located at 339 Pawtucket Boulevard, Unit No. 3 in Building No. 1, Lowell, Massachusetts, including all buildings and appurtenances thereon, more particularly described in a deed recorded at Book 10673, Page 213 at the Middlesex (North) District Registry of Deeds (the "339 Pawtucket Blvd. Property");

1

    (c)    the real property located at 355 Pawtucket Boulevard, Unit No. 6 in Building No. 6, Lowell, Massachusetts, including all buildings and appurtenances thereon, more particularly described in a deed recorded at Book 10266, Page 298 at the Middlesex (North) District Registry of Deeds (the "355 Pawtucket Blvd. Property");

    (d)    the real property located at 23 Cook Street, Dracut, Massachusetts, including all buildings and appurtenances thereon, more particularly described in a deed recorded at Book 20081, Page 275 at the Middlesex (North) District Registry of Deeds (the "Cook Street Property"); and

    (e)    the real property located at 65 Township Road, Pelham, New Hampshire, including all buildings and appurtenances thereon, more particularly described in a deed recorded at Book 6562, Page 1382 at the Hillsborough County Registry of Deeds,

(collectively, the "Properties");[1]

WHEREAS, on November 5, 2014, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 21 U.S.C. § 853 as a result of violations of 21 U.S.C. § 846;

WHEREAS, the Bill of Particulars identified (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses, including but not limited to the following:

    (a)    $70,703 in United States currency, seized on or about June 17, 2014 in Pelham, New Hampshire (the "Currency");

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or

---

[1] This Order does not include forfeiture of the $38,376 in United States currency or the Cook Street Property against this Defendant.

deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on July 15, 2015, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant tendered a plea of guilty to Count One of the Superseding Indictment, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) written plea agreement that he signed on June 22, 2015;

WHEREAS, the Defendant admitted that the properties listed in the plea agreement and Currency are subject to forfeiture because they constitute, or are derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and/or were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Superseding Indictment;

WHEREAS, during the Rule 11 hearing, the United States gave a recitation of the facts, referenced the Properties and Currency being forfeited, and how the Properties and Currency being forfeited constitute, or were derived from, any proceeds obtained, directly or indirectly, as a result of the Defendants offenses; and were used, to commit, or to facilitate the commission of the Defendant's offenses;

WHEREAS, the government specifically provided examples of how both the 339 Pawtucket Blvd. Property and 355 Pawtucket Blvd. Property were regularly used as stash houses to facilitate the distribution of narcotics;

WHEREAS, this court instructed the Defendant that if he objected to such forfeiture he must do so before Sentencing, and to date the defendant has not objected to the forfeiture;

WHEREAS, in light of the Defendant's proffered guilty plea and admissions in the plea agreement and at the plea hearing, the United States has established the requisite nexus between the Properties and Currency and the offenses to which the Defendant pled guilty, and accordingly, the Properties and Currency are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853;

WHEREAS, pursuant to 21U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties and Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and Currency and the offense to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties and Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and Currency and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties

and Currency.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties and Currency to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties and Currency, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties and Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties and Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties and Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties and Currency.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

INDIRA TALWANI
United States District Judge

Dated: 10/9/15